UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GBZ NORTHERN REALTY LLC,

        Appellant,

v.

JONIL LLC AND FREDA NORTHERN LLC,

        Appellees.

**MEMORANDUM & ORDER**
23-CV-08852 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

On August 31, 2023, Appellant GBZ Northen Realty LLC ("Debtor") filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York. *See* Bankruptcy Petition, *In re GBZ N. Realty LLC*, No. 23-bk-43119 (Bankr. E.D.N.Y. Aug. 31, 2023), Bankr. ECF No. 1.[1] Pending before me is Debtor's appeal of the Bankruptcy Court's order dismissing that case for cause under 11 U.S.C. § 1112(b). *See* ECF No. 3 (Debtor's Brief). Also before me are Appellees Jonil LLC and Freda Northern LLC's ("Creditors") motions to dismiss the appeal and for sanctions against Debtor's counsel Victor Tsai. *See* ECF No. 4 (Creditors' Motion to Dismiss); ECF No. 5 (Creditors' Motion for Sanctions). For the reasons set forth below, the Court finds Debtor's appeal to be moot and denies Creditors' motions.

## BACKGROUND

Debtor explains in its appeal that it originally filed for bankruptcy due to a dispute it had with Creditors over a contract for the sale of commercial real estate. ECF No. 3 at 2–3.[2] The

---

[1] References in this decision to "Bankr. ECF No." correspond to the docket entries in Debtor's Chapter 11 case under case number 23-bk-43119.

[2] References in this decision to "ECF No." correspond to the docket entries in the appeal before this Court under case number 23-cv-08852. The Court uses page numbers assigned by the Electronic Court Files System ("ECF").

dispute led Debtor to "file for bankruptcy protection under Chapter 11 to obtain some time pursuant to 11 U.S.C. § 365 to get its affairs in order given that the Debtor was a newly formed limited liability company with its only asset [*sic*] the downpayment deposit on the contract and with no creditors." *Id.* at 3. On the same day Debtor filed the Bankruptcy Petition, the Bankruptcy Court issued a Notice of Deficient Filing, *see* Bankr. ECF No. 3 (Notice of Deficient Filing), which indicated that Debtor failed to file a number of documents that were due at the time of the original filing. After Debtor failed to fix the deficiencies in the Bankruptcy Petition, the Bankruptcy Court ordered Debtor to show cause as to why the case should not be dismissed for failure to file one of the missing documents, namely "a list of creditors/mailing matrix." Bankr. ECF No. 11 at 1 (Order to Show Cause).

      The Bankruptcy Court initially held a hearing on the issue on October 3, 2023. Bankr. Hrg. dated Oct. 3, 2023. On October 23, 2023, Creditors moved to dismiss the Bankruptcy Petition, or, in the alternative, moved for relief from the automatic stay. Bankr. ECF No. 15 (Motion to Dismiss or for Relief from Automatic Stay). On November 16, 2023, the Bankruptcy Court held a second hearing on the Order to Show Cause and held a hearing on Creditors' motion. Bankr. Hrg. dated Nov. 16, 2023. At that hearing, the Bankruptcy Court asked Debtor why the deficiencies in its Bankruptcy Petition had not been rectified. ECF No. 4-2 at 6–7 (Nov. 16, 2023, Bankr. Hrg. Tr.). Debtor's counsel responded, "[W]e spoke to the client. I think (indiscernible) the client [*sic*] to exit bankruptcy and go to state court on this matter." *Id*. at 7. The Bankruptcy Judge then asked, "Oh, so you have no objection to dismissal?" *Id*. To which Debtor responded, "Yes." *Id*. at 8. On November 20, 2023, the Bankruptcy Judge ordered—"[u]pon the joint motion" of Creditors and parties in interest for an order that, among other things, "dismiss[es] Debtor's Chapter 11 case *for cause* pursuant to Bankruptcy Code Section

2

1112(b)"—"that this bankruptcy case is hereby dismissed pursuant to Section 1112(b) of the Bankruptcy Code for the reason set forth in the record." Bankr. ECF No. 19 at 1–2 (Order Dismissing Case) (emphasis added). On January 13, 2024, Debtor filed an action against Creditors in New York state court. *See* Complaint, *GBZ N. Realty LLC v. Jonil LLC*, No. 701365/2024 (N.Y. Sup. Ct. Jan. 18, 2024), Dkt. No. 2. That action remains pending.

Debtor asks this Court to vacate the Bankruptcy Court's order dismissing the case for cause because "Debtor's offer of voluntary dismissal was an offer made pursuant to Section 349(b) of the Bankruptcy Code which provides that, 'unless the court, for cause, orders otherwise,' the dismissal of a bankruptcy case generally reinstates [the] status quo ante . . . ." ECF No. 3 at 3 (quoting 11 U.S.C. § 349(b)). Debtor asks that I modify the Bankruptcy Court's order from a dismissal for cause to a voluntary dismissal. ECF No. 3. Creditors oppose, *see* ECF No. 14 (Creditors' Opposition), and move to dismiss the appeal as frivolous on the basis that Debtor consented to the relief in the Bankruptcy Judge's dismissal order, *see* ECF No. 4. Creditors further move for sanctions against Debtor's counsel, arguing the appeal is "frivolous and presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in cost of litigation." ECF No. 5.

## **LEGAL STANDARD**

"District courts have appellate jurisdiction over final judgments, orders, and decrees entered in bankruptcy court." *Satti v. Nechadim Corp.*, No. 17-cv-683, 2018 WL 1010206, at *3 (E.D.N.Y. Feb. 16, 2018).[3] A bankruptcy court's order is final "if it completely resolves all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Pegasus*

---

[3] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

*Agency, Inc.*, 101 F.3d 882, 885 (2d Cir. 1996). In reviewing a decision of the bankruptcy court, the district court reviews legal conclusions *de novo*, but reviews factual findings only for clear error. *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000).

Bankruptcy courts have broad discretion to dismiss a Chapter 11 case for cause. *In re Syndicom Corp.*, 268 B.R. 26, 43 (Bankr. S.D.N.Y. 2001). Accordingly, district courts review a bankruptcy court's decision to dismiss a case under an abuse of discretion standard. *Holt v. JPMorgan Chase Bank, N.A.*, No. 18-cv-3073, 2019 WL 452056, at *1 (S.D.N.Y. Feb. 5, 2019). "As to the factual findings that underlie that decision, an abuse of discretion is deemed to occur only when such findings are clearly erroneous . . . that is, where there is a definite and firm conviction that a mistake has been committed." *Id*. "A bankruptcy court abuses its discretion when it bases its decision on an erroneous view of the law or clearly erroneous factual findings, or where it commits a clear error of judgment." *Taub v. Adams*, No. 10-cv-02600, 2010 WL 8961434, at *4 (E.D.N.Y. Aug. 31, 2010).

## **DISCUSSION**

### I.     Debtor's Appeal is Moot

Because Debtor has already been granted the relief it seeks, the Court finds that Debtor's appeal is moot. "The duty of an Article III court is to decide live controversies, not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *In re Williams Commc'ns Grp.*, 315 F. App'x 312, 312 (2d Cir. 2009). "As a preliminary matter, [federal courts] must therefore determine whether there is a live case or controversy before [them]. If the case is moot, then

federal courts lack subject matter jurisdiction and must dismiss." *Id*. at 312–13; *see also In re 22 Fiske Place*, No. 20-cv-1250, 2021 WL 918763, at *3 (S.D.N.Y. Mar. 9, 2021) ("A federal court must dismiss an appeal as moot when events occur that would prevent the appellate court from fashioning effective relief."), *aff'd sub nom. In re 22 Fiske Place, LLC*, No. 21-810-bk, 2022 WL 519188 (2d Cir. Feb. 22, 2022).

Debtor requests "an order vacating the order of the [B]ankruptcy [C]ourt which dismissed Debtor's Chapter 11 case for cause and modifying it to voluntary dismissal" in order to "undo the bankruptcy case, as practicable, and to restore all property rights to the position in which they were found at the commence [*sic*] of the case." ECF No. 3 at 2. Debtor's argument is flawed because the relief he seeks has already been granted to it. As the Supreme Court has explained, "Chapter 11 foresees three possible outcomes:" (1) "a bankruptcy-court-confirmed plan"; (2) "conversion of the case to a Chapter 7 proceeding"; and (3) "dismissal of the Chapter 11 case." *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 456 (2017). For the third option, "[a] dismissal [of a Chapter 11 case] typically revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case—in other words, it aims to return to the prepetition financial status quo." *Id*. at 456; *see also* 11 U.S.C. § 349(b)(3) ("Unless the court, for cause, orders otherwise, a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."). It is true that a bankruptcy judge may "for cause . . . alter a Chapter 11 dismissal's ordinary restorative consequences." *Czyzewski*, 580 U.S. at 456. Such a dismissal is called a "structured dismissal." *See id*. (defining structured dismissal). It is also true that a bankruptcy judge may dismiss a case with prejudice in a way that bars subsequent filings. *See, e.g.*, *In re Van Eck*, 425 B.R. 54, 69 (Bankr. D. Conn. 2010) (dismissing bankruptcy case

5

with prejudice from refiling for two years).  But a case is not considered a "structured dismissal" nor is it dismissed with prejudice just because it was dismissed "for cause."  Rather, "[t]he court has discretion . . . when there is cause, to deny the debtor the benefits of the general rule, i.e., to dismiss the case with prejudice."  Henry J. Sommer & Richard Levin, *Collier on Bankruptcy* ¶ 349.01 (16th ed. 2024).  As the Second Circuit has held, "[t]he dismissal of a Chapter 11 case for cause does not *ipso facto* bar future filings.  To bar future filings, an order of dismissal must be with prejudice."  *In re Casse*, 198 F.3d 327, 335 (2d Cir. 1999).

      The Bankruptcy Court did not exercise its discretion to dismiss Debtor's case with prejudice or order a "structured dismissal."  Instead, the Bankruptcy Court only ordered—"upon the joint motion" of Creditors and parties in interest for an order that, among other things "dismiss[es] Debtor's Chapter 11 case for cause pursuant to Bankruptcy Code Section 1112(b)"—"that this bankruptcy case is hereby dismissed pursuant to Section 1112(b) of the Bankruptcy Code for the reason set forth in the record."  Bankr. ECF No. 19 at 1–2.  Nor did either party seek to impose prejudicial consequences under § 349(a) or to alter the ordinary restorative effects under § 349(b).  Instead, Creditors simply requested that the Bankruptcy Court dismiss the case or lift the automatic stay.  Bankr. ECF No. 15-1 at 4.  Debtor consented to the dismissal at the hearing on November 16, 2023, after the Bankruptcy Judge asked, "[Y]ou have no objection to dismissal?" and Debtor's counsel replied, "Yes."  *See* ECF No. 4-2 at 7–8.  Consequently, the dismissal followed the ordinary restorative provisions of § 349, without any additional prejudicial effect.  In other words, the Debtor retained all its restorative rights under § 349(b) when the case was dismissed, and therefore there is no basis for Debtor to seek the relief it is requesting.

Because the Debtor retained the rights it is now requesting from the Court, there is "[n]othing this Court can decide about the Bankruptcy Court's . . . Order [that] can give [Debtor] the day in court [it] seeks." *In re 22 Fiske Place*, 2021 WL 918763, at *3 (finding bankruptcy appeal to be moot). Debtor has already been granted the relief it seeks, so the Court cannot "fashion effective relief." *In re Abbott*, 447 F. App'x 232, 234 (2d Cir. 2011). Accordingly, the Court finds Debtor's appeal is moot. *Id.* (finding bankruptcy appeal to be moot where the court "could not fashion effective relief"). In light of the Court's finding that Debtor's appeal is moot, the Court does not reach Creditors' motion to dismiss and finds that motion to be procedurally moot. *Cf. CrossBorder Sols., Inc. v. Macias, Gini & OConnell LLP*, No. 20-cv-4877, 2023 WL 7297242, at *3 (S.D.N.Y. Nov. 6, 2023) ("Because the Court denies the motion to confirm arbitration as moot, it does not reach any other grounds for granting or denying the motion.").

## II.     The Court Declines to Impose Sanctions

Creditors additionally seek attorney's fees and double costs pursuant to Federal Rule of Bankruptcy Procedure 8020 as well as sanctions under Federal Rule of Civil Procedure 11. ECF No. 5 at 1. The Court declines to award sanctions under either Rule.[4] "When reviewing a request for Rule 8020 sanctions, a district court must employ the standards established by Rule 38 of the Federal Rules of Appellate Procedure," *In re Negosh*, No. 06-cv-5617, 2007 WL 2445158, at *6 (E.D.N.Y. Aug. 22, 2007), and determine whether "the appeal taken

---

[4]     The Court nevertheless finds the procedural requirements under Rule 8020 were met in this case. Rule 8020 requires that a party must request sanctions in a separately filed motion and that the person or party targeted by the motion or notice must be given notice and an opportunity to respond. *See* Fed. R. Bankr. P. 8020; *In re Reifler*, No. 18-cv-2559, 2018 WL 3212464, at *6 (S.D.N.Y. June 28, 2018) ("Appellee's request for attorney's fees and costs also meets the procedural requirements—the request was in a separate motion and Appellant had a reasonable opportunity to respond."). Here, Creditors' request was in a separate motion, *see* ECF No. 5, and Debtor had a reasonable opportunity to respond, *see* ECF No. 8 (Opposition to Motion for Sanctions).

7

is . . . groundless, without foundation, and without merit, even though appellant did not bring it in bad faith." *In re Davis*, No. 03-cv-7926, 2004 WL 1336233, at *1 (S.D.N.Y. June 15, 2004) (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 119 (2d Cir. 2000)). Creditors argue that this "[a]ppeal is frivolous under Bankruptcy Rule 8020 and is nothing more than a frivolous attempt to harass the [Creditors]." ECF No. 5 at 9. However, the Court finds that although Debtor's "arguments are not meritorious—to the point of being nearly frivolous—they are not sufficiently egregious to merit sanctions." *In re Residential Cap., LLC*, No. 17-cv-7580, 2018 WL 4179454, at *6 (S.D.N.Y. Aug. 31, 2018); *see In re Taneja*, No. 17-cv-5618, 2018 WL 1831853, at *5 (S.D.N.Y. Apr. 16, 2018) (awarding sanctions only after plaintiff had "been warned by numerous judges, including during the pendency of this appeal, that continuing to raise frivolous issues would result in sanctions"). The Court finds that the basis of this appeal—Debtor's misapprehension of the consequences of a dismissal for cause in bankruptcy—was not entirely unfounded in light of the lengthy discussion above, *see supra* I, as the phrase "for cause" has varying implications within the Bankruptcy Code. *Compare* 11 U.S.C. § 349 ("Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed."), *with* 11 U.S.C. § 1112(b) ("[T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter . . . for cause."). Therefore, the Court finds that Debtor's appeal was not so "groundless" or "without foundation" to be considered frivolous and declines to impose sanctions under Bankruptcy Rule 8020. *In re Drexel Burnham Lambert Grp. Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993).

The Court additionally, in its discretion, will not impose Rule 11 sanctions. *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) ("[T]he decision

whether to impose a sanction for a Rule 11(b) violation is . . . committed to the district court's discretion."). Rule 11"[s]anctions may be—but need not be—imposed when court filings are used for an improper purpose, or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Id*. Because I did not find Debtor's appeal to be frivolous, I will not impose Rule 11 sanctions.

## **CONCLUSION**

For the reasons set forth above, the Court finds Debtor's appeal to be moot and denies Creditors' motion to dismiss as procedurally moot. ECF No. 3; ECF No. 4. The Court also denies Creditors' motion for sanctions. ECF No. 5. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

    */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       December 10, 2024